These are separate appeals taken upon the same record from the same judgment upon the judgment-roll. The appellants, however, are represented by different counsel, who have also presented separate briefs. The first is taken by the corporation and the second by a director. They present the same question for decision, and may, therefore, be disposed of together.
As the title of the case indicates, the defendant corporation is a building and loan association. In December, 1897, the commissioners of the building and loan associations of the state of California made an examination of the business and affairs *Page 405 
of said corporation, and reported to the attorney general that it was "conducting its business in an unsafe manner, such as to render its further proceeding hazardous to the public and to those having funds in its custody," and thereupon this action was brought by the attorney general under and in pursuance of the provisions of section 9 of the act creating said board of commissioners. (Stats. 1893, p. 231.) The defendants answered, and upon the hearing findings were made and judgment entered enjoining said corporation and its directors, servants, etc., "from the further prosecution of the business of the defendant corporation until the further order of the court," and appointing a receiver to take possession of its property and effects of every description, and, subject to the order of the court, liquidate and settle up the business of the corporation.
The only question presented is whether the averments of the complaint, and the findings, authorized the court to appoint a receiver to take charge of the corporate affairs and settle and liquidate the business of the corporation.
The only allegations of the complaint tending to justify the relief granted are the following: "That since the organization of said corporation the said corporation has loaned out large sums of money upon real estate security, and, in default of payment of said loan, has been compelled to take said property in payment of the moneys so loaned and interest thereon; that the cost of said real estate so obtained and now owned by said corporation exceeds the sum of one hundred and twelve thousand two hundred and fifteen dollars and fifty-two cents; that there are now outstanding loans on real estate to the amount of ninety thousand one hundred and eighteen dollars and twenty-four cents; that since making said loans upon said real estate and acquiring the title to the real estate as aforesaid the value of the said real estate has greatly depreciated and is now depreciating, which has reduced and will continue to reduce the assets of said corporation to such an extent as to render the further proceeding and conduct of the business hazardous to the public and to those having funds in its custody. That plaintiff is informed and believes, and upon such information and belief alleges, that unless the said defendants are enjoined and prohibited by this court from the transaction of any further business, the said *Page 406 
defendants will continue to prosecute and transact such business to the irreparable injury of the people of the state of California." The prayer is for an injunction, and, "if the court shall deem it expedient," that a receiver be appointed.
The only finding touching the existing condition of the corporation is the following:
"That actions have been commenced against the defendant corporation on promissory notes aggregating three thousand five hundred dollars; and property of the said corporation is now, and for more than twenty-nine days has been, under attachments levied thereon in said actions, and there are no funds available with which to discharge said attachments and indebtedness.
"That the necessary disbursements exceed the income of the defendant corporation; and, if the said corporation continue its business, its necessary disbursements will continue to exceed its income.
"That the said corporation has been compelled to take in satisfaction of loans a large amount of real estate, which since taking has greatly depreciated in value, and there is no assurance or probability of any increase in its value.
"That there is a large amount of indebtedness of said corporation now due, and there are not sufficient assets on hand that can be realized upon whereby said corporation will be able to pay said indebtedness in any reasonable time; that to continue the business of said corporation under such circumstances would require that a considerable portion of the monthly dues of the members and stockholders be used for the purpose of discharging the deficit in current expenses and interest after applying the income of the corporation to the same.
"That said corporation can no longer continue business without a continued impairment of the assets of said corporation, and dues to be paid in by members. That the assets of said corporation, if converted into money at this time, are insufficient to pay the existing indebtedness of said corporation and reimburse the stockholders of said corporation for moneys paid by them as dues. That the further proceeding with its business by said corporation would be unsafe and hazardous to the public and to those having funds in its custody and to its stockholders." *Page 407 
The court, it is true, further found: "That it is necessary and a proper case for the appointment of a receiver to settle and liquidate the business of the said defendant corporation"; but this is essentially a conclusion of law, which must find its justification in the allegations of the complaint and the findings of fact, if it be sustained.
Section 9 of said act authorizes the attorney general, upon receiving the report hereinbefore stated from said commissioners, to apply to the judge of the court to issue an injunction restraining the corporation from further proceeding with its business until a hearing can be had, and further provides: "Such judge may on such application issue such injunction, and, after a full hearing, may dissolve or modify it, or make it perpetual, and may make such orders and decrees, according to the course of proceedings in equity, to restrain or prohibit the further prosecution of the business of the corporation, as may be needful in the premises; and may appoint one or more receivers to take possession of its property and effects, subject to such directions as may from time to time be prescribed by the court."
It will be observed that this statute does not imperatively require the appointment of a receiver, but permits it in the discretion of the court, or, in other words, in proper cases.
In Havemeyer v. Superior Court, 84 Cal. 327, 365, 18 Am. St. Rep. 192, Mr. Chief Justice Beatty, speaking for the court, said: "Under our codes, the rule is not to appoint a receiver, but to leave the whole matter of liquidation and distribution to the exclusive control of the directors of the corporation in office at the date of the dissolution. The appointment of a receiver is the exception, not the rule, and is not to be made unless some party interested, either a creditor or a stockholder, can show that for the protection of his rights the appointment of a receiver and the administration of the assets under the control and superintendence of a court of equity is necessary."
Conceding that under the provisions of the building and loan commissioners' act, above quoted, a receiver may be appointed, it does not follow that the appointment was authorized under the facts of this case. The state is neither a creditor nor stockholder, and has no pecuniary interest in the association. It is *Page 408 
neither alleged nor found that there was any fraud or mismanagement on the part of the directors or officers of the corporation, or any want of competency on their part to liquidate and settle up its business and affairs economically and in the interest of its creditors and stockholders, so that if this application had been made by a creditor or stockholder the facts alleged and found would not have justified the appointment of a receiver; and, unless such facts are alleged and found as would justify the appointment at the instance of a creditor or stockholder, it cannot be made at the instance of the state under said statute.
The notice of appeal is to the effect that it is taken from the whole of the judgment, but appellants say that no point is made against the judgment enjoining the association from the further prosecution of its business.
I therefore advise that the judgment be modified by eliminating therefrom the order appointing a receiver and all the provisions thereof relating to such receivership, and as so modified that the judgment be affirmed.
Gray, C., and Chipman, C., concurred.
For the reasons given in the foregoing opinion the judgment appealed from is hereby modified by eliminating therefrom the order appointing a receiver and all the provisions thereof relating to such receivership, and as so modified the judgment is affirmed. McFarland, J., Temple, J., Henshaw, J.